UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE WILLIAM MAHAN,

    Plaintiff,

v.

                              Case No. 2:22-cv-10489
                              Hon. George Caram Steeh

NOAH NAGY, ET AL,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Tyrone William Mahan is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff claims that twenty-four individually named Defendants, all employees of the Michigan Department of Corrections (MDOC), acted with deliberate indifference to his health when they placed him in a unit of COVID-positive prisoners though he had tested negative. The Court will summarily dismiss the complaint with respect to ten of the named Defendants for Plaintiff's failure to make factual allegations stating a claim against them. The case will proceed with respect to the other fourteen Defendants.

## I. Standard of Review

The case is before the Court for screening under the PLRA. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

Plaintiff's complaint names twenty-four Defendants: (1) N. Nagy, Warden, (2) S. Bailey, Deputy Warden, (3) J. White, ADW, (4) R. Rurka, ADW, (5) K Austin, NP, (6) N. Stokley, NP, (7) Lt. Root, CO, (8) Sgt. Haskett, CO, (9) Sgt. Ferguson, CO, (10) Ofc. Holzchu, CO, (11) Joshua

Buskirk, PA-C, (12) Heidi Washington, MDOC Director, (13) Carmen McIntyre, CMO, (14) Carmen Bussell, (15) Thomas Cobb, (16) Timothy Schubring, (17) Sirena Landfair, HUM, (18) Austin, Hearing Investigator, (19) C. Young, ARUS, (20) C. McCumber-Hemry, (21) Jimmy Jarrett, Deputy Warden, (22) Tiffani Kisor, ADW, (23) Stevenson, CO, and (24) Brian Nichelson, CO.

The complaint makes specific factual allegations against the first fourteen of the named Defendants. Essentially, Plaintiff asserts that on January 1, 2021, he was transferred to a higher security level unit at his facility that housed the COVID-positive inmates. Plaintiff asserts that he had tested negative for COVID, and despite his numerous complaints to the first fourteen named Defendants, they failed to move him back to a unit with the inmates who had tested negative. Plaintiff further asserts that he contracted COVID while housed in his new unit, that he refused treatment, and that is now suffering from physical and psychological consequences. Plaintiff asserts that the first fourteen named Defendants were made aware of the actual risk to Plaintiff's health the reassignment caused, but by failing to take any action to remedy the situation when he requested it, they exhibited deliberate indifference to a serious medical need.

Finally, the complaint fails to make any factual allegations at all against the last ten named Defendants. Their names appear only in the list of named Defendants.

### III. Discussion

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. See *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts in support of a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must allege that the deprivation alleged is "objectively, 'sufficiently serious.'" *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must allege that the prison official committing the act did so with a "'sufficiently culpable state of mind.'" *Id*. (citing *Wilson*, 501 U.S. at 302-03).

As to the first prong, the Sixth Circuit has defined "a [sufficiently serious] medical need ... as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon*

*Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

As to the second prong, a plaintiff must allege more than mere negligence. *Farmer*, 511 U.S. at 835). The conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988). However, "a prisoner is not required to show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir.2014).

With respect to the first fourteen individually named Defendants identified above, the allegations in the complaint, liberally construed, suffice to allow the case to proceed past PLRA screening on a deliberate indifference claim.

As for the remaining ten Defendants, however, the complaint fails to state a claim. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)(citing *Terrance v. Northville*

*Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. Because the complaint fails to make any factual allegations against Defendants (15) Thomas Cobb, (16) Timothy Schubring, (17) Sirena Landfair, HUM, (18) Austin, Hearing Investigator, (19) C. Young, ARUS, (20) C. McCumber-Hemry, (21) Jimmy Jarrett, Deputy Warden, (22) Tiffani Kisor, ADW, (23) Stevenson, CO, and (24) Brian Nichelson, CO, the complaint will be dismissed with respect to them.

## IV. Conclusion

Accordingly, under § 1915(e)(2), the Court will **DISMISS** Defendants: (15) Thomas Cobb, (16) Timothy Schubring, (17) Sirena Landfair, HUM, (18) Austin, Hearing Investigator, (19) C. Young, ARUS, (20) C. McCumber-Hemry, (21) Jimmy Jarrett, Deputy Warden, (22) Tiffani Kisor, ADW, (23) Stevenson, CO, and (24) Brian Nichelson, CO.

The case will proceed with respect to Defendants: (1) N. Nagy, Warden, (2) S. Bailey, Deputy Warden, (3) J. White, ADW, (4) R. Rurka, ADW, (5) K Austin, NP, (6) N. Stokley, NP, (7) Lt. Root, CO, (8) Sgt. Haskett, CO, (9) Sgt. Ferguson, CO, (10) Ofc. Holzchu, CO, (11) Joshua Buskirk, PA-C, (12)

Heidi Washington, MDOC Director, (13) Carmen McIntyre, CMO, and (14) Carmen Bussell.

**SO ORDERED**.

Dated: March 28, 2022

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 28, 2022, and/or ordinary mail and also on Tyrone William Mahan #264524, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

<u>s/Brianna Sauve</u>
Deputy Clerk