United States District Court for
The Eastern District of Michigan

Tyrone William Mahan
    Plaintiff,

v.

Noah Nagy Et.al
    Defendants,

Case No. 2:22-cv-10489

Hon: George C. Steeh

Mag: Patricia T. Morris

## -Summary Judgement-

**FILED**
SEP 16 2022
CLERK'S OFFICE
DETROIT

### Standard

Summary Judgement is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgement as a matter of law. FED. R. Civ. P (56) Kocak v. Cmty. Health Partners of Ohio Inc., 400 F.3d 466, 468, (6th cir. 2005) The standard for determining whether the evidence presents a sufficient disagreement to require submissions to a Jury or whether it is so one-sided that the one party must prevail as a matter of law. State Farm Fire & Cas. Co. v. McGowan, 421 F.3d 433, 436 (6th cir 2005) (quoting) Aderson v. Liberty Lobby. Inc 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986) A party

1

opposing a motion for Summary Judgement must do more than simply show that there is some metaphysical doubt as to the material facts. Scott v. Harris, 550 U.S. 372, 380 (2007). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purpose for ruling on a montion for Summary Judgement. The court must consider all pleadings, depositions, affidavits and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. Matsushita Elec. Indus. Co. Ltd. V. Zenith Radio Corp. 475 U.S 574, 587 106, S.Ct. 1348 89 L.Ed. 2d 538 (1986).

### Factual and Procedural backgroud

ON or about Jan. 1, 2021 or Jan. 2, 2021 Defendant(s) Warden-Noah Nagy, Deputy Warden- S. Bailey, ADW J. White, R. Rurka A/ADW,

(1)

Lt. Root, Sgt. Root, Sgt. Haskett, Sgt. Ferguson responded to an incident. Hulzchu was D-unit officer on duty. Plaintiff pleaded to Warden Nagy to remove me from the quarintine isolated area housing covid-19 confirmed cases. I was not postive for Covid-19, I appealed to every above named defendant to remove me or intervene because the virus easily put me at risk of serious harm if I contracted it. This was implimented by the Director Heidi Washington who is envolved with daily policy making. Every above named defendant violated my Eighth Amendment by being indifferent to my serious risk of substantial harm and disregarded that risk by failing to take appropiate measures to abate it. There are to material facts left too establish (1) Was the Policy/Dom lawful and (2) Can Plaintiff Satify the "Objective and Subjective component of deliberant indifference

(11)

## Argument

Where everyone agrees that the prison is following a particular Policy the only question for the Court is whether that Policy is legal. Defendants submitted Director's Office Memorandums (DOM) [ECF No. 39-7, PageID.527] 2021-26, [ECF No. 39-7, PageID.539] 2021-26R and [ECF No. 39-7, PageID.551] 2021-26R2. The quoted language from M.C.L.A. § 791.206 makes very certain that the Rules adopted by the Department must be promulgated pursuant to Michigan's Administrative Procedures Act (APA) see M.C.L.A. §§ 24.241 and 24.242. A rule that does not comply with the procedural requirements of the (APA) is invalid under Michigan law. The United States Courts of Appeal for the Sixth Circuit also concluded that the Policy Directive is not an "interpretive statement" exempt from the rule promulgation requirements by virtue of M.C.L.A. § 24.207 [An agency statement or declaration of policy which the agency intends to follow, which does not have the force of effect of law, and binds the agency but does not bind any other person MCL 24.203 (6); MSA 3.560 (130)(6). The language in Admin. R closely tracks the Michigan Courts and the United State Supreme Court. An Agency such

2

as the [Michigan Department of Corrections] has no inherent Authority, and the limitations of it's power and Authority must be measured by the Statutory enactments from which it was created. ON a matter of law the determination is whether the decision was Authorized by Law. So defendant(s) violate my 14th Amendment Due Process which incorporates the Eighth Amendment that guarantees against cruel and unusual punishment. See- Spruytte v. Walters 753 F.2d 498, (1985) U.S. App. for the Sixth Circuit, Martin v. Dept of Corrections 424 mich. 553, 384 N.W. 2d 392 (1986) mich. Supreme Court. Plaintiff has proven he was incarcerated under conditions posing a substantial risk of serious harm, and that prison officials had the "State of mind" and was deliberately indifference to my health and safety. Defendants acknowled Plaintiff satisfied Wilson [ECF No. 39, Page ID. 367] the first part of the test. Everyone knew Covid-19 created a substantial risk of serious harm, and the mentioned defendants in this motion acted or failed to act despite their knowledge of a substantial risk to serious harm. Deliberate indifference entails something MORE

3

than just mere negligence but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Farmer, 511 U.S. at 835. To prove a defendant subjective knowledge, a plaintiff may rely on circumstantial evidence. A jury is entitled to conclude that a prison official knew of a substantial risk from very fact that the risk was obvious. Rhinehart v. Scutt, 894 F.3d 721, 738 (6th Cir. 2018) quoting Farmer, 511 U.S. at 842. The official must both be aware of facts which the inference could be drawn that a substantial risk of serious harm exist, and he must also draw the inference. An express intent to inflict unnecessary pain is not required. Whitley v. Albers 475 U.S. 312, 319, 106 S.Ct 1078, 89 L.Ed.2d 251 (1976). Defendants knew D-unit was an isolated medical confirmed case quarantine area. They wore gowns, goggles, gloves, and had hand sanitizer, none of these thing was provided to me. For a right to be clearly established [the] contours of the right must be sufficiently clear that a reasonable

4

official would understand that what he was doing violates that right. If the defendants knew Covid-19 creates a substantial risk of serious harm [ECF NO. 39. PageID.367], then Heidi Washington, Noah Nagy, S. Baily, Lt. Root, C/o Hulzchy, ADW/BURKA, Sgt. Haskett, and Sgt. Ferguson had a subjective state of mind when all above named defendants knowingly enforced a Policy and disregarded that risk by failing to take any measures to abate it. These employees enforced an enacted Policy (which they always do) DOM by Heidi Washington that is not a rule with no authority to force anyone but its agency and employees to follow. They knew the harm and disregarded the substantial risk of serious harm, the harm was obvious and defendant created and increased the risk that I would be infected with Covid-19. For a right to be clearly established the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. Anderson v. Creighton 483 U.S. 635, 639-40, 107 S.Ct. 3034, 97 L.Ed 2d 523 (1987). "Reasonableness" is a question of law to be decided by the trial court. On a matter of law the determination is whether it

5

was created and the decision was authorized by law. The primary function of the Executive branch of government is Administration and not lawmaking. The Supreme Court in Zwickler v. Koota, supra, 389 U.S. at 248, 88 S.ct. at 39. Described the duties of the federal courts was to guard, enforce, and protect every right granted or secured by the Constitution of the United States. The above named defendants was at the quarintine unit Jan 1, 2021 or Jan 2, 2021 - that was never disputed. The above named defendant's used Policies (DOM) 2021-26 (DOM) 2021-26R and (DOM) 2021-26R2 my forced entrapment in the quarintine unit never disputed and them Rules gave them the subjective state of ___, because they knew the risk of serious harm and disregarded it. The Eighth Amendment is clearly establish concerning cruel and unusal Punishment & Deliberant Indifferent & Due Process 14th Amend.

Both Prongs Met. There are not genuine issues as to any material fact because this was my claim.

6

## Certification of Service

I hereby Certify that on September 12, 2022 I filed with the Clerk of the Federal Eastern District (2) copies of the foregoing documents 8pgs A Motion for Summary Judgement pursuant to Fed. R. Civ. P (56) Please File (1), Send on to Prosecutor/Attorney General of record send me A certified Copy and The Judge A Copy.

Staff will not provide envelope since new defendant(s) was revealed today and they are providing no envelopes

## Verification

I Tyrone William Mahan Swear under the Penalty of perjury that the foregoing is true and correct upon information and Belief

_Tyrone Mahn_ Signed

9-12-22 Dated

Tyrone William Mahan
G. Robert Cotton Corr. Fac
3500 N. Elm rd.
Jackson, MI. 49201

Tyrone Mahan #264524
G. Robert Cotton Corr. Fac.
3500 N. Elm Rd.
Jackson, MI. 49201

United States District Court
231 W. Lafayette Blvd.
Detroit, Mich. 48226
Mag. Patricia T. Morris

U.S. MARS

ZIP 49201
02 4W
0000376916 SEP 13 2022
$ 002.40⁰
US POSTAGE — PITNEY BOWES